UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

BRANDON CURRIE,

                                         Plaintiff,

                    -against-

CITY OF NEW YORK, ROBERT FERNANDEZ, CHARLES
STEWART, EUGENE JOHNNY, and JOHN and JANE DOE 1
through 10, (the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                         Defendants.

-------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

10 CV 486
(FB)(CLP)

<u>Jury Trial Demanded</u>

Plaintiff Brandon Currie, by his attorneys, Leventhal & Klein, LLP, complaining of the

defendants, respectfully alleges as follows:

## **Preliminary Statement**

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitutions of the State of New York and the United

States.  Plaintiff also asserts supplemental state law claims.

## **JURISDICTION**

1.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff asserts

supplemental state law claims pursuant to common law and the New York State Constitution.

2.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## **VENUE**

3.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

4.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

5.     Plaintiff Brandon Currie is a twenty year old African American man residing in Brooklyn, New York.

6.     Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.     Defendant City of New York maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

8.     That at all times hereinafter mentioned, the individually named defendants, Robert Fernandez, Charles Stewart, Eugene Johnny, and John and Jane Doe 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.  The individually named defendants are sued in their individual capacities.

9.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

10.     Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant City of New York.

## FACTS

11.     On November 5, 2008, at approximately 5:00 p.m., plaintiff, then a high school senior with no criminal record, was lawfully present inside the Crown Fried Chicken restaurant located on the corner of W. 28th Street and Mermaid Avenue in the Coney Island section of Brooklyn.

12.     At that time and location, a defendant NYPD police officer, believed to be defendant Robert Fernandez, who at the time held the rank of sergeant and accordingly was an NYPD supervisor, unlawfully seized, beat and arrested the plaintiff without any provocation or justification.

13.     Among other things, Fernandez pushed plaintiff outside the establishment, forcibly slammed plaintiff against a store window, choked plaintiff, restricting his ability to breathe, threatened him, and slammed him to the ground.

14.     Fernandez, a large man, fell on Currie, including Currie's knee.  Fernandez continued to choke and threaten Currie after Currie was on the ground, despite the absence of any resistance or threats whatsoever from Currie.

15.     As a result, plaintiff sustained injuries to his knee.

16.     Fernandez eventually pulled Currie to his feet, and pulled Currie back into the restaurant.

17.     Fernandez directed one of the defendants, believed to be defendant Johnny, to handcuff and formally arrest plaintiff, despite the lack of any objectively reasonable basis to do so.

18.     Defendant Johnny, along with defendant Stewart, witnessed the incident from

3

inside the restaurant through the glass storefront window, and knew that plaintiff had committed no crime whatsoever, and that plaintiff had just been unjustifiably beaten and was injured.

19.     Nonetheless, and despite his affirmative duty to intercede, Johnny placed severely over tight handcuffs on Currie's wrists and placed him under arrest.

20.     This took place in the presence of defendant Stewart, who likewise stood by and did nothing to stop the illegal arrest of Mr. Currie, despite the illegality of it, and an opportunity to stop it from going any further.

21.     At that time, and on numerous occasions thereafter throughout the arrest processing, plaintiff requested that the defendant officers loosen the tight handcuffs and that they get medical treatment for plaintiff's injured knee.

22.     Notwithstanding, the defendants refused to loosen plaintiff's handcuffs, and refused to transport plaintiff to a hospital at that time, as well as for the next several hours.

23.     Thereafter, the defendants imprisoned plaintiff in a prisoner van and drove him around for a few hours, notwithstanding that the arrest took place a short distance from the NYPD 60th precinct, and that plaintiff was in excruciating pain.

24.     Eventually, the defendants transported plaintiff to the NYPD 60th police precinct and imprisoned him therein.

25.     Later that evening, plaintiff was taken in police custody to Central Booking in downtown Brooklyn.

26.     It was only after complaining about his injuries at Central Booking, approximately several hours after he suffered his injuries, that arrangements were made for plaintiff's transport to Woodhull Hospital for emergency medical treatment.

27.     At Woodhull, plaintiff was treated for serious injuries to his knee, and thereafter

released to the defendants' custody.

28.     Plaintiff was unlawfully imprisoned until his arraignment late in the evening of November 6, 2008 in Kings County Criminal Court whereupon he was released on his own recognizance approximately thirty hours after he was falsely arrested and beaten.

29.     Notwithstanding that plaintiff did not commit any crime or infraction in the presence of the defendants or otherwise, they caused him to be arrested and prosecuted for crimes he did not commit, and/or otherwise failed to intervene to prevent plaintiff's arrest and/or prosecution for the false charges, despite their ability to do so.

30.     The defendants, by preferring charges against plaintiff to the District Attorney's office that compelled plaintiff's appearance in Court, did so for, among other reasons, the collateral objective of covering up the above-described acts of brutality.

31.     Upon information and belief, all of the above occurred via the personal involvement of the defendants, either directly or via their failure to intervene to stop the illegal conduct described herein, despite their affirmative duty to do so.

32.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, disciplining, and supervising its employees, and due to discrimination against plaintiff based on his race.

33.     The aforesaid event is not an isolated incident.  Defendant City of New York is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the City of New York's Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained, supervised and/or disciplined regarding the use of excessive force and that such officers regularly use, among other illegal

5

tactics, unreasonable force and/or choking methods.

34.     The City of New York is also aware that employing choking methods is against City policy, as set out in Patrol Guide § 203-11, which states: "Members of the New York City Police Department will NOT use chokeholds.  A chokehold shall include, but is not limited to, any pressure to the throat or windpipe, which may prevent or hinder breathing or reduce intake of air."

35.     Defendant City of New York is further aware that such improper training, supervision, and failure to adequately discipline, has often resulted in a deprivation of civil rights.  Despite such notice, defendant City of New York has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

36.     Moreover, defendant City of New York was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.

37.     Despite such notice, defendant City of New York has retained these officers, and failed to adequately train, supervise and discipline them.

38.     As a result of the foregoing, plaintiff Brandon Currie sustained, *inter alia*, physical and emotional injuries, and deprivation of his liberty and his constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

39.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "38" with the same force and effect as if fully set forth herein.

40.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

6

41.     All of the aforementioned acts deprived plaintiff Brandon Currie, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

42.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

43.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

44.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

45.     As a result of the foregoing, plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

46.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     Defendants arrested plaintiff Brandon Currie without probable cause, causing him

7

to be detained against his will for an extended period of time and subjected to physical restraints.

48.     Defendants caused plaintiff Brandon Currie to be falsely arrested and unlawfully imprisoned.

49.     As a result of the foregoing, plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

50.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff Brandon Currie's constitutional rights.

52.     As a result of the aforementioned conduct of defendants, plaintiff Brandon Currie was subjected to excessive force and sustained physical injuries.

53.     As a result of the foregoing, plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

54.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     Defendants maliciously issued criminal process against plaintiff Brandon Currie

by causing him to appear in Kings County Criminal Court.

56.     Defendants caused plaintiff Brandon Currie to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their illegal conduct, thereby violating plaintiff's right to be free from malicious abuse of process.

57.     As a result of the foregoing, plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Deliberate Indifference To Serious Medical Needs under 42 U.S.C. § 1983)

58.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Despite being aware that plaintiff had sustained apparently serious injuries to his knee during his arrest, the defendants' recklessly and/or deliberately disregarded plaintiffs' medical needs.  In so doing, the defendants also violated the City's own rules and regulations requiring that they promptly obtain medical treatment for arrestees like plaintiff who sustained injuries at the hands of police officers.

60.     Defendants violated plaintiff's clearly established right to be free from deliberate indifference to serious medical needs.

61.     As a result of the foregoing, plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

9

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

62.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     Defendants had an affirmative duty to intervene on behalf of plaintiff Brandon Currie, whose constitutional rights were being violated in their presence by other officers.

64.     The defendants failed to intervene to prevent the unlawful conduct described herein.

65.     As a result of the foregoing, plaintiff Brandon Currie was subjected to excessive force, his liberty was restricted for an extended period of time, he was unreasonably delayed medical treatment, he was put in fear of his safety, and he was humiliated and subjected to tight handcuffing and other physical restraints, subjected to an unwarranted delay in medical treatment, and was detained, arrested and prosecuted without probable cause.

66.     As a result of the foregoing, plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

67.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     The supervisory defendants, including, without limitation, defendant Fernandez, personally caused plaintiff Brandon Currie's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their

10

subordinate employees.

69.     As a result of the foregoing, plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

70.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     The defendants seized, assaulted, battered detained, arrested and imprisoned plaintiff Brandon Currie, because of his national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

72.     As a result of the foregoing, plaintiffs Brandon Currie was deprived of his rights under the Equal Protection Clause of the United States Constitution.

73.     As a result of the foregoing, plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

74.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

76. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, falsely arresting citizens and then committing perjury and/or manufacturing and/or falsifying evidence in an effort to convict such individuals and to cover up acts of brutality, including the use of excessive force and improper choking methods. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, as demonstrated by numerous lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affair Bureau, and the City of New York's Civilian Complaint Review Board complaining that officers in the NYPD in general, and the individual defendants in particular, employ excessive force and choking methods. The aforementioned policies, customs or practices were the moving force behind the violation of plaintiff Brandon Currie's rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant City of New York has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

77. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff Brandon Currie.

78. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff Brandon Currie as alleged herein.

79. The foregoing customs, policies, usages, practices, procedures and rules of the

12

City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff Brandon Currie as alleged herein.

80.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff Brandon Currie was seized, subjected to excessive force, falsely arrested, delayed medical attention, falsely arrested and maliciously prosecuted.

81.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff Brandon Currie's constitutional rights.

82.     All of the foregoing acts by defendants deprived plaintiff Brandon Currie of federally protected rights, including, but not limited to, the right:

    A.     Not to be deprived of liberty without due process of law;

    B.     To be free from the use of excessive force;

    C.     To be free from false arrest;

    D.     To be free from malicious abuse of process;

    E.     To be free from malicious prosecution;

    F.     To receive equal protection under law;

    G.     To be free from deliberate indifference; and

    H.     To be free from failure to intervene.

83.     As a result of the foregoing, plaintiff Brandon Currie is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**Supplemental State Law Claims**

84.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

86.     The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

87.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

88.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

89.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A TENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

90.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.     Defendants arrested plaintiff without probable cause.

92.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

93.     As a result of the aforementioned conduct, plaintiff was unlawfully imprisoned in violation of the laws of the State of New York.

94.     As a result of the aforementioned conduct, plaintiff suffered physical and mental

injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

95.     As a result of the foregoing, plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

96.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.     Defendants made offensive contact with plaintiff without privilege or consent.

98.     As a result of defendants' conduct, plaintiff has suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

99.     As a result of the foregoing, plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Malicious Abuse of Process under laws of the State of New York)

100.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.    Defendants issued criminal process against plaintiff by causing him to be arrested, and requiring his appearance in Kings County Criminal Court.

102.     Defendants compelled plaintiff's appearance to obtain a collateral objective

outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

103.    As a result of the foregoing, plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

104.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

106.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant City of New York.

107.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant City of New York.

108.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff.

109.    As a result of the aforementioned conduct, plaintiff suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

110.    As a result of the foregoing, plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual

defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
<u>(Negligent Screening, Hiring, and Retention under the laws of the State of New York)</u>

111.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.    Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff.

113.    Defendant City of New York knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

114.    As a result of the foregoing, plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FIFTEENTH CAUSE OF ACTION**
<u>(Negligent Training and Supervision under the laws of the State of New York)</u>

115.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "114" with the same force and effect as if fully set forth herein.

116.    Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of and excessive use of force against plaintiff.

17

117.    As a result of the foregoing, plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

118.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "117" with the same force and effect as if fully set forth herein.

119.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

120.    As a result of the foregoing, plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

121.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "120" with the same force and effect as if fully set forth herein.

122.    Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the

18

wrongful conduct described herein.

123.    As a result of the foregoing, plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

124.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125.    As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

126.    As a result of the foregoing, plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

127.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "126" with the same force and effect as if fully set forth herein.

128.    As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

129.    As a result of the foregoing, plaintiff is entitled to compensatory damages in

amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff Brandon Currie demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages in an amount to be determined by a jury;

(C)     reasonable attorney's fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
April 1, 2011

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:     _____
BRETT H. KLEIN (BK4744)

Attorneys for Plaintiff BRANDON CURRIE