UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRANDON CURRIE,

                Plaintiff,                          **MEMORANDUM AND ORDER**

   - against -

                                                       10 CV 486 (FB)

CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------------------X

        On February 3, 2010, plaintiff Brandon Currie commenced this lawsuit against the City of New York, Robert Fernandez, Charles Stewart, Eugene Johnny, and John and Jane Does 1 through 10, alleging false arrest, excessive force, and other claims, pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and various state laws.

        By letter dated January 17, 2012, plaintiff requests: (1) discovery regarding his employment with the New York City Law Department ("Law Department"); and (2) leave to amend his Complaint to add a First Amendment claim.

## BACKGROUND

        Plaintiff alleges that, at roughly 5:00 p.m. on November 5, 2008, he went to a take-out restaurant on the corner of 28th Street and Mermaid Avenue in Brooklyn, New York to meet his

father, Dwight Currie, and give him his mail. (Pl.'s 1/17 Ltr.[1] at 1). When plaintiff arrived, he observed his father being handcuffed inside the restaurant. (Id.) Brandon went inside to ask about why his father was being arrested and his father told him to take his money, which was on the counter. According to plaintiff, as he reached for his father's money, police officers stopped him, told him to leave, and injured him while slamming him up against the storefront window. (Id.) He alleges that the officers then slammed him down on the sidewalk and choked him. (Id.) Brandon was arrested and driven to the NYPD 60th Precinct and released after his arraignment the following day. (Id. at 2). The criminal case was later dismissed and sealed. Plaintiff claims that he suffered injuries to his knee as a result of this incident. (Id.)

Plaintiff's instant requests relate to his employment as an intern at the New York City Law Department. According to plaintiff, in approximately April 2011, he interviewed for and received an unpaid internship with the New York City Law Department's IT Department. (Id. at 2). According to Corporation Counsel, prior to beginning work, plaintiff "executed an Ethics Rules and Agreement," which required him to disclose his involvement in any case or litigation against the City. (Defs.' 1/31 Ltr.[2] at 2, Ex. A). According to Corporation Counsel, plaintiff did not disclose his involvement in this case to the Law Department. (Id.)

Plaintiff began working in the IT Department in May 2011. (Pl's 1/17 Ltr. at 2). Plaintiff's duties as a Law Department intern included fixing computer equipment, upgrading hard drives, installing printer toner, updating software applications, and clearing out computer

---

[1] Citations to "Pl.'s 1/17 Ltr." refer to plaintiff's letter to the Court, dated January 17, 2012.

[2] Citations to "Defs.' 1/31 Ltr." refer to defendants letter to the Court, filed January 31, 2012.

2

viruses. (Id.) Plaintiff claims that he "did not have any access to, or responsibilities involving, any litigation matters or files. . . ." (Id.) In late May, Brandon was offered a paid position, which he accepted. (Id.) However, in early June 2011, approximately two days into his paid position, plaintiff was confronted by a Law Department personnel representative who told him that he could no longer work there because of his pending lawsuit against the City. (Id. at 3).

At plaintiff's deposition, Corporation Counsel questioned plaintiff regarding the Ethics Rules and Agreement (the "Agreement") that he was presented with when he began working at the Law Department. (Defs.' 1/31 Ltr. at 2). Specifically, Corporation Counsel asked if plaintiff had reviewed and signed the document, and whether plaintiff disclosed the fact that he had brought this lawsuit against the City. (Id., Ex. B).

## DISCUSSION

### A. Plaintiff's Request for Discovery

Plaintiff now requests "identification of all persons with knowledge of, and all documents related to, [plaintiff's] position with the Law Department, including those related to his termination." (Pl.'s 1/17 Ltr. at 3). In support of his request, plaintiff claims that defendants have used his employment with the Law Department, and more specifically the circumstances surrounding his termination, as a basis for attacking plaintiff's credibility. (Id.) Plaintiff points out that Corporation Counsel questioned him during his deposition regarding his understanding of the Agreement and whether he had disclosed his lawsuit against the City to the Law Department. (Id.) According to plaintiff, "defendants have expressed an intention to affirmatively impeach Brandon's credibility at trial by somehow suggesting he was dishonest" in

3

his responses to the questions on the Agreement. (Id.) Therefore, plaintiff requests an opportunity "to meet this attack by laying out the true circumstances of his termination." (Id.)

Defendants oppose plaintiff's request, arguing that they did not place plaintiff's termination at issue by using the circumstances surrounding his termination to challenge plaintiff's credibility. (Defs.' 1/31 Ltr. at 3). Defendants argue that plaintiff's credibility will only become relevant if there is a trial in this case. (Id.) Defendants also claim that plaintiff will have an opportunity to rehabilitate himself in the face of attacks to his credibility "by explaining as he did in his deposition that he simply did not read the document or that he recklessly signed official documents without reading them." (Id.) Defendants also argue that plaintiff's request must be denied because plaintiff's Complaint does not make out a claim relating to his employment or termination. (Id.)

"Generally, [p]arties may utilize discovery to obtain information for impeachment purposes, . . . particularly for uncovering prior acts of deception." Bolia v. Mercury Print Productions, Inc., No. 02-CV-6510T, 2004 WL 2526407, at *2 (W.D.N.Y. Oct. 28, 2004) (internal quotations and citations omitted). However, such discovery relating to a witness' credibility "must be reasonably likely to lead to admissible evidence." Id. at *2 (citing Davidson Pipe Co. v. Laventhol & Horwath, 120 F.R.D. 455, 462 (S.D.N.Y. 1988).

At the outset, the Court notes that plaintiff's employment with the Law Department is a collateral issue in this case. However, if defendants insist on "opening the door," by challenging plaintiff's credibility using a particular incident occurring in the course of his employment as a Law Department intern, plaintiff will be afforded broad discovery to rebut the challenge to his credibility. Plaintiff's counsel has represented that the circumstances under which plaintiff was

4

presented with the Agreement and the manner in which the responses were reviewed are highly relevant to the issues of credibility on which defendants are now focused and discovery is necessary to enable plaintiff to meet their arguments. Accordingly, in light of defendants' representation of their intention to impeach plaintiff with this incident related his employment, the Court hereby grants plaintiff's request for discovery relating to his employment as an intern at the Law Department.

B. Plaintiff's Request for Leave to Amend

Plaintiff requests permission to amend his Complaint to assert a First Amendment retaliation claim under 42 U.S.C. § 1983 against the City based on his termination from his position at the Law Department. (Pl.'s 1/17 Ltr. at 4). Plaintiff argues that he has a viable First Amendment claim and also claims that his termination from his Law Department position directly relates to his pending case with respect to damages. (Id. at 5). Specifically, plaintiff argues that his termination from his paid internship exacerbated the damages resulting from his civil rights violations he alleges in this case. (Id.)

In opposing plaintiff's proposed amendment, defendants point out that plaintiff has failed to attach a proposed amended pleading to his letter request to amend. (Defs.' 1/30 Ltr. at 4 (citing cases)). Defendants request an opportunity to file an opposition to any formal motion to amend in the event the Court is inclined to entertain such a motion. (Id. at 5).

The Court finds that plaintiff's request to amend his Complaint is premature. In the absence of a proposed amended complaint and accompanying motion to amend, neither the Court nor counsel for defendants is in a position to evaluate the viability of any new claim. As the

5

Court noted with respect to plaintiff's discovery request, the circumstances surrounding plaintiff's employment with and termination from the Law Department are collateral to his pending case against the City. Plaintiff is only entitled to discovery relating to his employment because defendants have chosen to open the door by using an incident relating to plaintiff's employment to challenge plaintiff's credibility. Accordingly, the Court denies plaintiff's request to amend his Complaint at this time, without prejudice to renew at a later date in accordance with the appropriate procedures.

## CONCLUSION

For the reasons stated herein, the Court grants defendant's motion for discovery relating to his employment with the New York City Law Department and denies plaintiff's motion to amend the Complaint to add a First Amendment claim based on his termination.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing ("ECF") system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
       March 12, 2012

_____
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York